LÓPEZ, DEMANDANTE Y APELANTE, *v.* CENTRAL VANNINA, DEMANDADA Y APELADA.

APELACIÓN procedente de la Corte de Distrito de San Juan, Sección 1ª., en pleito sobre desahucio.

MOCIÓN de reconsideración.

No. 1702.—Resuelto en julio 19, 1918.

RECONSIDERACIÓN DE SENTENCIA.—Solicitada en el presente caso por la demandada la reconsideración de la sentencia dictada por esta corte en 26 de febrero último, invocando en su auxilio la sentencia del Tribunal Supremo de España de 12 de abril 1879 y estableciendo, como nuevo fundamento, el hecho de que dicha demandada había venido consignando en la secretaría de la corte las mensualidades vencidas y que la parte demandante había retirado para sí el importe de dichas consignaciones, se acordó la reconsideración, y, celebrada una nueva vista, el tribunal dictó la misma sentencia que había previamente pronunciado, ratificando su primitiva opinión y resolviendo que la jurisprudencia invocada no era aplicable y que no podía tomar en cuenta el hecho nuevo relativo a la consignación, porque ello sería variar los términos bajo los cuales el recurso fué sometido por ambas partes al tribunal de apelación.

Los hechos están expresados en la opinión.

Abogados del apelante: *Sres. Muñoz & Brown.*

Abogado de la apelada: *Sr. Damián Monserrat, Jr.*

EL JUEZ ASOCIADO SR. DEL TORO, emitió la opinión del tribunal.

Este caso fué resuelto por esta Corte Suprema el 26 de febrero último revocando la sentencia apelada. La deman-

dada, Central Vannina, pidió reconsideración y se ordenó la celebración de una nueva vista. Ambas partes comparecieron y el recurso quedó, con las nuevas alegaciones, sometido otra vez a nuestra consideración y resolución.

Después de un cuidadoso estudio de todas las circunstancias concurrentes, sostenemos la primera opinión que emitimos para fundar muestra sentencia de 26 de febrero.

Invoca en su auxilio la Central Vannina la sentencia del Tribunal Supremo de España de 12 de abril de 1879, en la cual se resolvió lo que sigue:

"Al declarar la sentencia recurrida que no ha lugar al desahucio pretendido por los propietarios contra el demandado por no tener éste pagado el día 12 de abril, fecha de la demanda, el segundo semestre de la renta estipulada que había principiado el 1º. del expresado mes, no infringe las cláusulas 1ª. y 2ª. ni otra alguna, porque aún cuando es cierto que el demandado se obligó a pagar la renta de 34,000 reales capitulada por semestres adelantados, como, sin embargo, no se pactó en dónde ni a quién se había de hacer el pago; como, por otra parte, es costumbre en Madrid que el dueño o su administrador pase a la casa del inquilino a pedirla y recogerla, cuando otra cosa no se estipule, y como, en fin, al demandado nadie le pidió el importe del referido semestre, no se puede, por lo mismo, asegurar que haya el arrendatario negádose a pagar, especialmente después de haber hecho la consignación que el Juzgado admitió."

El caso resuelto por el Supremo de España, es distinto. Allí "admitida la demanda, se convocó a las partes a juicio verbal, emplazándose por cédula al demandado el 18 de abril, y en el siguiente día presentó un escrito D. Francisco Morales manifestando que no habiéndose presentado nadie a cobrar el semestre de alquileres adelantados que empezaba el 1º. de aquel mes, y no sabiendo donde entregarlo, por ser tres los dueños y no haber parecido ninguno de ellos ni el administrador, a pesar de ser costumbre de esta Corte el pasar a cobrar a casa del inquilino, no quería aguardar más y consignaba los 17,000 reales correspondientes a dicho semestre; cuya consignación fué admitida por el Juzgado."

Aquí se trata de una sola persona y no se alegó en forma debida la costumbre del lugar. El hecho de que la demandante enviara a cobrar muchas veces después de vencidas las mensualidades, no puede entenderse sino como un acto de mera tolerancia que no modifica el contrato en el cual claramente se estableció que el pago debía verificarse por mensualidades vencidas, esto es, que el canon se debía el día último de cada mes, como así fué bien entendido por ambas partes contratantes. Además aquí en vez de adoptar la demandada la actitud que adoptó la misma parte en el pleito resuelto por el Supremo de España en cuanto a la consignación inmediata, alegó en su contestación que no estaba obligada a pagar hastá que no fuera requerida para ello y esto es precisamente lo que hemos resuelto en su contra.

Otro de los motivos que alega la Central Vannina para pedir que se resuelva en su favor el pleito, es que ella ha venido consignando las mensualidades vencidas en la Secretaría de la Corte de Distrito y que al fin la parte demandante ha retirado para sí el importe de dichas consignaciones. Según la moción de reconsideración la demanda original se interpuso el 15 de agosto y según la certificación acompañada a la misma la primera consignación se hizo el 26 del propio mes. Este hecho no se alegó por la parte demandada y no consta de la transcripción de los autos. Sólo aparece de la moción de reconsideración y de la certificación acompañada a la misma. Siendo ello así, no podemos tomarlo en cuenta, porque sería variar los términos bajo los cuales el recurso fué sometido por ambas partes a este tribunal.

Solicita por último la demandada que en el caso de que este tribunal resuelva la primera causa de acción de la demandante en contra de la demandada, estudie y resuelva también la segunda causa de acción alegada en la demanda. Tal vez de entrar a considerar dicha segunda causa de acción también resolveríamos que debía revocarse la sentencia de la corte de distrito, pero ni estamos obligados a ello, ni

lo consideramos necesario u oportuno para los intereses de la justicia en el presente caso. .

*Revocada la sentencia apelada y dictada otra*
*decretando el lanzamiento de la demandada.*

Jueces concurrentes:· Sres.· Asociados Wolf, Aldrey y Hutchison.

El Juez Presidente Sr. Hernández disintió en la resolución de este caso.

### OPINIÓN DISIDENTE EMITIDA POR EL JUEZ PRESIDENTE SR. HERNÁNDEZ.

Siento disentir de la opinión de mis ilustrados compañeros, pues estoy conforme con la teoría que sirvió de base a la Corte de Distrito de San Juan, Sección 1ª., para estimar que no hubo falta de pago del precio del canon del arrendamiento de fincas rústicas celebrado por Teresa López con la Central Vannina, según se alegaba en la demanda como primera causa de acción.

Dicha teoría aparece condensada en la opinión de la expresada corte que fundamenta la sentencia, declarando sin lugar el desahucio, en los siguientes términos:

"La prueba aportada demuestra que la demandante en este caso no tiene ningún representante residente en San Juan, donde tiene sus oficinas la corporación demandada, a quien pueda hacerse el pago de los cánones. La parte actora no ha hecho gestión alguna para el cobro de la mensualidad que venció en los meses de julio y agosto. De acuerdo con el contrato la corporación demandada está obligada a pagar por mensualidades vencidas; pero esta obligación debe cumplirse en el domicilio de la Central Vannina, según determina el artículo 1139 del Còdigo Civil Revisado. La arrendataria tiene la obligación de pagar, una vez vencido el canon; pero no tiene necesidad de moverse de su domicilio y si la parte arrendadora desea que se le pague puntualmente sin inconvenientes de ninguna clase, debe autorizar a una persona para que reciba a su nombre el pago de los cánones vencidos en el domicilio de la corporación demandada. Mientras no se ofrezca a la arrendataria la oportunidad de realizar el pago, no puede decirse que ésta ha faltado a las condiciones estipuladas en el contrato sobre el pago de las mensualidades vencidas."

No habiéndose estipulado en el contrato de arrendamiento el lugar del pago de su precio, debía éste hacerse en el domicilio de la corporación arrendataria, de acuerdo con el artículo 1139 del Código Civil Revisado, y siendo otro el domicilio de la demandante arrendadora, es claro que como sostiene esta Corte Suprema en su opinión, siguiendo el criterio de la corte inferior, la arrendataria no tenía que moverse de su domicilio para verificar el pago.

Los preceptos legales comprendidos en los artículos 1144 y siguientes del Código Civil, sobre ofrecimiento del pago y de la consignación, no son aplicables. Ciertamente que en el contrato de arrendamiento se estipuló que la Central Vannina pagaría los cánones del arrendamiento a la arrendadora por mensualidades vencidas, y de esa estipulación se desprende que la obligación de pagar estaría vencida y sería por tanto exigible al vencer cada mensualidad; pero ello no significa fuera convenido que los cánones de arrendamiento se pagaran el mismo día de su vencimiento sino que el acreedor podía reclamar el pago desde ese momento sin que el deudor tuviera que buscar al acreedor para pagarle o consignar el canon si el acreedor no se presentaba a cobrar. Se estipuló día para el vencimiento de la obligación pero no se fijó día para verificar el pago, como sucedió en los casos de *García* v. *Fernández,* 8 D. P. R. 106 y *Finlay* v. *Fabián & Cía.,* 24 D. P. R. 152. Imponer al deudor la obligación de consignar el importe de los cánones de arrendamiento si el acreedor no se presentaba oportunamente a cobrarlos sería agravar la situación de aquél, pues tendría que ir al domicilio del acreedor para ofrecerle el pago o para notificarle la consignación para que ésta fuera eficaz en derecho según el artículo 1145 del Código Civil, pues como dice Manresa y esta Corte Suprema acepta, el ofrecimiento previo de pago será necesario cuando el deudor conozca la residencia del acreedor y pueda fácilmente hacerle el ofrecimiento. En un caso como el presente en que concurren esas circunstancias se obligaría a la sociedad arrendataria a buscar a la parte arrendadora

para hacerle el ofrecimiento de pago y en todo caso para anunciarle la consignación. Y no fué esa la intención de las partes contratantes según las pruebas aportadas al juicio, las cuales muestran que el recibo del mes de diciembre de 1915 se pagó el 18 de enero de 1916, el de enero 30, 1916, en febrero 2, el de 31 de marzo, 1916, en 14 de abril siguiente, el de abril 30 en 13 de mayo siguiente, y el de 30 de junio de 1916 el 26 del mismo mes. La intención de las partes fué que los cánones fueran satisfechos al gestionar el acreedor su cobro sin constituir al deudor en el deber de hacer el ofrecimiento de pago de los cánones o de verificar su consignación al vencimiento de las mensualidades. Para juzgar de la intención de los contratantes debe atenderse principalmente a los actos de éstos coetáneos y posteriores al contrato, según el artículo 1249 del Código Civil.

La obligación de consignar los cánones vencidos del arrendamiento que el acreedor no se presentara a cobrar en el domicilio del deudor, no se deriva del contrato y tampoco puede derivarse de la ley, atendido el precepto del artículo 1057 del Código Civil, el cual estatuye que las obligaciones derivadas de la ley no se presumen, siendo sólo exigibles las *expresamente* determinadas en dicho código o en leyes especiales. Véase el caso de *Franco Oins et al.* y *Jones, Obispo de la Iglesia Católica, Apostólica, Romana,* v. *Caneja,* decidido en junio 29 de 1918.

Como la demandante ni por sí ni por medio de tercera persona pidió a la demandada el importe de los cánones de arrendamiento cuya falta de pago sirvió de primera causa de acción a la demanda de desahucio, no se puede asegurar que la arrendataria se haya negado a pagar. Sentencia del Tribunal Supremo de España de 12 de abril de 1879, 41 J. C. 435.

Por las razones expuestas, es de llegarse a la conclusión de que procede declarar sin lugar la demanda de desahucio en cuanto se funda en la falta de pago del precio del arrendamiento.